29 F.3d 229
 29 Fed.R.Serv.3d 802, 24 Envtl. L. Rep. 21,250
 WHITE'S LANDING FISHERIES, INC.; Joseph Herr, doing
business as Joe Herr Fishery; Szuch Brothers Fisheries,
Inc.; Ken King, doing business as King Fishery; Port
Clinton Fish Co.; David Segaard, doing business as Segaard
Fishery; New Shoreline Fisheries, Inc.; Harry C. Wise,
Jr., doing business as H. Wise Fishery; James Swartz and
Thomas Swartz, doing business as S & S Fisheries; William
Fouke, doing business as U.S. Fisheries; Cold Creek Fish
Co., Plaintiffs-Appellants,
v.
Frances S. BUCHHOLZER, in her capacity as Director of the
Ohio Department of Natural Resources; Richard B. Pierce, in
his capacity as Chief--Division of Wildlife, Ohio Department
of Natural Resources, Defendants-Appellees.
 No. 93-3549.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 12, 1994.
Decided July 8, 1994.
 
 Frank D. Celebrezze, Donald Jeffrey Kral, Lewis Einbund (argued), Rubenstein, Novak, Einbund, Pavlik & Celebrezze, Cleveland, OH, for plaintiffs-appellants.
 Joan C. Weiser, Thomas J. Grever (argued and briefed), Columbus, OH, for defendants-appellees.
 Before: JONES, Circuit Judge; WELLFORD, Senior Circuit Judge; and ENSLEN, District Judge.*
 JONES, Circuit Judge, delivered the opinion of the court, in which WELLFORD, Senior Circuit Judge, joined.
 ENSLEN, District Judge (pp. 232-33), delivered a separate dissenting opinion.
 NATHANIEL R. JONES, Circuit Judge.
 
 
 1
 Plaintiffs-Appellants, commercial fishermen in northeastern Ohio, appeal the district court's grant of summary judgment to the defendants Frances Buchholzer, Director, and Richard Pierce, Chief of the Wildlife Division of the Ohio Department of Natural Resources. Although there may be doubt as to the plaintiffs' chances of ultimate success, we nevertheless find that the district court abused its discretion by dismissing the plaintiffs' action without allowing for adequate discovery. Accordingly, we REVERSE the district court's grant of summary judgment to the defendants and remand this case for further proceedings.
 
 I.
 
 2
 In October 1992, the division of Wildlife of the Ohio Department of Natural Resources ("ODNR") enacted amendments to commercial fishing regulations, OAC Rules 1501:31-3-01 and 1501:31-3-04. One of the challenged amendments restricted the season for commercial fishing of yellow perch by two months, narrowing the former nine-month season to seven months. The second amendment limited the areas in which nets or trotlines could be used to capture the fish. This second regulation protected all species of fish, unlike the first challenged amendment that protected just the yellow perch. The ODNR asserted that the purpose of the amendments was to help revitalize the yellow perch population in Lake Erie, which the ODNR maintains is currently in decline. At the time of the passage of the amendments, the ODNR found that the yellow perch populations were at an all-time low for the previous fifteen-year period.
 
 
 3
 The plaintiffs brought this action on October 26, 1992, challenging the ODNR's promulgation of the amendments. The plaintiffs sought a declaratory judgment that the amendments violated both the Equal Protection and Due Process Clauses of the U.S. Constitution. On December 10, 1992, the ODNR filed a motion to dismiss. In response, the plaintiffs, on December 23, 1992, filed a motion for leave to file an amended complaint. Then, on December 29, 1992, the plaintiffs served the ODNR with their first discovery request.
 
 
 4
 Following a status conference, on January 6, 1993, the district court stayed all discovery in light of the ODNR's stated intention to file a second motion to dismiss in response to the plaintiffs' filing of an amended complaint. On January 7, 1993, the plaintiffs filed the amended complaint, and, on January 22, 1993, the ODNR filed its Motion to Dismiss and/or for Summary Judgment. This new motion incorporated the previous motion to dismiss and included an affidavit from the Executive Administrator of the Fish Management and Research Group of the Division of Wildlife, as well as statistical data regarding fish populations in Lake Erie. On February 1, 1993, the plaintiffs filed a motion in opposition to the ODNR's motion and a Rule 56(f) motion to allow for additional time in which to respond. The district court granted ODNR's motion for summary judgment on February 18, 1993. The court also denied the plaintiffs' Rule 56(f) motion, finding that there was no need for further discovery. On February 26, 1993, the plaintiffs filed a Rule 59(e) motion to amend the judgment, which the district court denied on April 15, 1993. This appeal followed.
 
 II.
 
 5
 This court reviews a district court's grant of summary judgment de novo. Russo v. City of Cincinnati, 953 F.2d 1036, 1041-42 (6th Cir.1992). In determining whether summary judgment was appropriately granted, this court must review all of the evidence submitted in support of the motion, in addition to the other evidence that is properly on file, in the light most favorable to the party opposing summary judgment. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When such a review has been conducted, summary judgment is appropriately granted when no issues of material fact are present and the moving party is entitled to judgment as a matter of law.
 
 III.
 
 6
 The commercial fishermen assert that the district court erred in granting summary judgment to the defendants without first permitting adequate time for discovery. In response, the defendants assert that summary judgment was properly granted, as the amended regulations violated neither the Equal Protection nor Due Process Clauses of the Constitution. Accordingly, the defendants maintain, they were entitled to summary judgment, regardless of any facts that may have been revealed during continued discovery.
 
 
 7
 The plaintiffs must jump a high hurdle in the instant case before they can succeed on their claim, for it is well recognized that states have broad authority to implement regulations that do not impact suspect classes or fundamental rights. City of New Orleans v. Dukes, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516-17, 49 L.Ed.2d 511 (1976); McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105-06, 6 L.Ed.2d 393 (1961). Yet we nevertheless conclude that summary judgment should not have been awarded until the plaintiffs were allowed some opportunity for discovery. Rule 56(c) of the Federal Rules of Civil Procedure provides courts with a useful method by which meritless cases may be discharged. However, the benefits of this rule are quickly undermined if it is employed in a manner that offends concepts of fundamental fairness. In the instant case, we find that the grant of summary judgment, absent any opportunity for discovery, is such a misuse.
 
 
 8
 Our conclusion that some discovery must be afforded the non-movant before summary judgment is granted is supported by the Supreme Court's holdings in both Anderson and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In Anderson, the Court discussed the shifting burdens that each party must bear within the context of summary judgment and found that the movant has the burden of proving that no genuine issues of material fact exist, while the plaintiff has the burden of proving specific facts which demonstrate that a triable issue is indeed present. Id. 477 U.S. at 256, 106 S.Ct. at 2514. With regard to the burden the non-movant must bear, the Court further commented:
 
 
 9
 [t]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery.
 
 
 10
 Id. at 257, 106 S.Ct. at 2514 (emphasis added). It follows that a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery.
 
 
 11
 A similar interpretation of Rule 56(c) was adopted by the Court in Celotex, where the Court found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery." 477 U.S. at 322, 106 S.Ct. at 2552 (emphasis added). See also Costello, Porter v. Providers Fidelity Life Ins., 958 F.2d 836, 839 (8th Cir.1992) ("Summary judgment is inappropriate until [the non-movant] has had an adequate opportunity to conduct discovery.").
 
 
 12
 In the instant case, the district court stayed all discovery just six days after the plaintiffs had submitted their first discovery request. The subsequent grant of summary judgment to the defendants was therefore issued without any discovery taking place. In light of Anderson and Celotex, we cannot sustain this result.
 
 IV.
 
 13
 For the foregoing reasons, the grant of summary judgment to the defendants is REVERSED, and this case is remanded to the district court for further proceedings in accordance with this opinion.
 
 
 14
 RICHARD A. ENSLEN, District Judge, dissenting.
 
 
 15
 The majority's conclusion rests on the proposition that "adequate time for discovery" had not passed, because no discovery was allowed. In virtually every case, that proposition is correct. However, in this case, I believe that the unusual legal standard which governs plaintiffs' claims renders that proposition untrue.
 
 
 16
 In order for plaintiffs to prevail on either of their claims, they must show that the facts upon which the fishing regulations are based could not reasonably be conceived to be true by the decisionmaker. Minnesota v. Clover Leaf Creamery Company, 449 U.S. 456, 463, 101 S.Ct. 715, 723, 66 L.Ed.2d 659 (1980) (upholding law which banned milk sold in plastic nonreturnable, nonrefillable containers, but permitted sale of milk in other types of nonreturnable, nonrefillable containers). It is not enough to show that the wisdom of the rule is "debatable." Id. at 463, 469, 101 S.Ct. at 723, 726-27.
 
 
 17
 Therefore, because defendants' motion for summary judgment offered a set of facts which reasonably could be conceived to be true by the ODNR, the burden fell on plaintiffs to explain in their Rule 56(f) motion what discovery would lead to evidence which would disprove the reasonableness of defendants' belief.
 
 
 18
 Not surprisingly, plaintiffs failed to carry this burden in their motion. Essentially, the Clover Leaf standard required them to contend that discovery would lead to evidence that it was unreasonable for the ODNR to believe that taking less fish out of the lake, during spawning season, would leave more fish in the lake. Given their own assertion that the regulations will reduce their catches by 35-40%, I cannot imagine, and the commercial fishers have not described, what evidence they could find to carry their burden of proving that there is no conceivable set of facts, or interpretation of those facts, which would support the ODNR's belief that the amendments will increase the stock of yellow perch. Though discovery might provide competing versions or interpretations of the facts, it is not possible for it to debunk this "belief" altogether.[1] Because it cannot not alter the outcome of the case, discovery on this point is a waste of time.
 
 
 19
 Finally, the district court accepted the defendants' assertion that there is a rational basis to distinguish between commercial and sports fishers. In order to prove that this classification violates the equal protection clause, plaintiffs must prove that there cannot be any facts which may exist to support the classification. As long as there was some evidence before the decisionmaker supporting a classification of this variety, the courts will not second-guess the wisdom of the decisionmaker in relying on it. Clover Leaf, supra at 464, 101 S.Ct. at 724.
 
 
 20
 Even if defendants' belief that the two groups should be treated differently is untrue, and plaintiffs' discovery revealed that sports fishers take more fish than commercial fishers, plaintiffs would not prevail. Defendants are not required to address all sources of fish depletion at the same time, and the undisputed fact that commercial fishers take yellow perch out of Lake Erie provides sufficient basis for the classification. E.g., Clover Leaf (fact that other nonrefillable, nonreturnable containers were permitted was irrelevant); City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976) (upholding ordinance banning the sale of food from pushcarts, but exempting persons operating pushcarts for over eight years). Therefore, discovery on this "fact" was unnecessary as well, because it could not have altered the outcome of the case.
 
 Conclusion
 
 21
 This case is quite unusual. Dismissal under Rule 12(b)(6) would have been inappropriate, because plaintiffs did state a claim under which relief could conceivably be granted--the regulations could have had no rational relationship to the state interest in resource management. However, once defendants presented a set of assertions to the district court which made clear that the rationality of the challenged regulations are at least debatable, no discovery was required, because no conceivable set of facts could lead to a victory for plaintiffs. Therefore, I would affirm the ruling of the district court.
 
 
 22
 When this case is reopened for discovery, I encourage the district court to keep the Clover Leaf standard in mind as it exercises its discretion to limit discovery to that which is relevant, or reasonably calculated to lead to admissible evidence, pursuant to Rule 26(b)(1).
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 It is important to note that the amount of fish the regulations will preserve is irrelevant. Defendants could have passed the regulations based on the belief expressed by a state official nine months before the rules were amended--that regulations would have a de minimis effect. Clover Leaf Creamery at 466, 101 S.Ct. at 725. Therefore, unless the number is zero, discovery about how many fish the regulations will (or will not) preserve will not alter the outcome of this case